William Palazzolo and Pauline Palazzolo v. Commissioner.
Palazzolo v. Commissioner
Docket No. 2992-68.
United States Tax Court
T.C. Memo 1970-59; 1970 Tax Ct. Memo LEXIS 302; 29 T.C.M. (CCH) 258; T.C.M. (RIA) 70059; March 5, 1970, filed. *302 Robert O. Leming 1st National Bank Bldg., Cincinnati, Ohio, for the petitioners. Raymond L. Hampton, for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: The Commissioner determined a deficiency of $6,336 in petitioners' income tax for the taxable year 1966. The issues presented for decision are: (1) whether the deduction of $30,000 labeled on petitioners' 1966 income tax return as "investment in venture - business failed" was either "incurred in a trade or business" or a "transaction entered into for profit;" (2) whether petitioners have shown that a loss was sustained and is otherwise properly deductible in 1966. Findings of Fact The parties have stipulated certain facts, which, together with the attached exhibits are incorporated herein by this reference. William and Pauline Palazzolo were husband and wife, residing at Cincinnati, Ohio, at the time of filing the petition herein. They filed a joint Federal income tax return for the calendar year 1966 with the district director of internal revenue at Cincinnati, Ohio. William Palazzolo, hereinafter referred to as petitioner, is presently employed as manager of the Daily Donut Corporation in Cincinnati, *303 Ohio, and was so employed at all times relevant herein. During 1964 petitioner was approached by Barney Peller (Peller) who requested petitioner to finance the promotion of a radio and possible television program. Peller proposed that petitioner advance up to $30,000 to cover the expenses of promoting the program. Profits from the program were to be applied first to repay petitioner's advances. The remaining profits were to be divided as follows: 25 percent each to petitioner and Peller, 50 percent to Bennett Levine, the program personality. The parties never agreed how possible losses were to be shared because petitioner was the only one advancing any money, and any losses above the amount loaned by petitioner were not discussed. Petitioner secured the necessary funds through a loan from the Buckeye Savings and Loan Company. The loan proceeds were deposited by petitioner in a checking account at the First National Bank of Cincinnati. Petitioner engaged an attorney, Don Lerner, to act as his disbursing agent for the checking account while petitioner was out of town. Checks were drawn upon the checking account as shown below: Amount
Date
Payee
Drawer
Endorser
$1,760.00
8/28/64
Barney Peller
William Palazzolo
BarneyPeller
2,500.00
8/28/64
Bennett Levine
William Palazzolo
Bennett Levine
500.00
8/28/64
Aronoff, Rosen & Lerner
William Palazzolo
Arnoff, Rosen & Lerner
194.26
9/1/64
American Airlines
Don Lerner
American Airlines
200.00
9/1/64
Cash
Don Lerner
American Airlines
1,000.00
9/2/64
Mort Kasman
Don Lerner
Mort Kasman
200.00
9/2/64
Barney Peller
Don Lerner
Barney Peller
300.00
9/2/64
Mort Kasman
Don Lerner
Mort Kasman
500.00
9/2/64
William Horwatz
Don Lerner
William Horwatz
300.00
9/2/64
Bennett Levine
Don Lerner
Bennett Levine--Jeannie Levine
2,055.00
9/2/64
Bennett Levine
Don Lerner
Bennett Levine
24.25
9/8/64
Donald M. Lerner
Don Lerner
Donald M. Lerner
4,000.00
9/9/64
Bennett Levine
Don Lerner
Bennett Levine
200.00
9/9/64
Barney Peller
Don Lerner
Barney Peller
200.00
9/17/64
Barney Peller
Don Lerner
Barney Peller
1,915.79
9/17/64
Terrace Hilton Hotels
Don Lerner
Terrace Hilton Hotel
24.25
9/18/64
Donald M. Lerner
Don Lerner
Donald M. Lerner--Bonnie Hornsby
1,000.00
9/18/64
William Palazzolo
William Palazzolo
--
62.88
9/23/64
Barney Peller
William Palazzolo
Barney Peller-- William Pallazzolo
200.00
9/23/64
Barney Peller
William Palazzolo
Barney Peller
10,000.00
9/28/64
Bennett Products, Inc.
William Palazzolo
Bennett Products, Inc. by Donald Biber
200.00
10/1/64
Barney Peller
William Palazzolo
Barney Peller
340.64
10/5/64 [1]
Buckeye Savings
William Palazzolo
--
Association
200.00
10/7/64
Barney Peller
William Palazzolo
Barney Peller
340.64
11/3/64 [1]
Buckeye Savings
William Palazzolo
--
500.00
11/23/64
Barney Peller
William Palazzolo
Barney Peller
340.64
12/4/64 [1]
Buckeye Savings
William Palazzolo
--
1,000.00
12/23/64
Benny Levine
William Palazzolo
Bennett Levine
97.63
1/27/65 [2]
William Palazzolo
William Palazzolo
William Palazzolo
*304 Petitioner, Peller and Levine executed a written Memorandum of Agreement, dated August 28, 1964, wherein two corporations, Pel-Pal Pictures, Inc. (Pel-Pal) and B.S.C. Productions, Inc. (B.S.C.) were to form a third corporation which was in turn to develop and promote a radio and possible television program, "Benny the Fan." Under the agreement, Pel-Pal agreed to loan the third corporation up to $30,000. Petitioner and Peller signed the agreement as agents Pel-Pal and Levine signed as agent of B.S.C. The agreement also provided a personal guarantee by Levine of repayment of all sums loaned by Pel-Pal. This provision was included at the instance of petitioner's attorney. When the funds advanced by petitioner were exhausted and the aforementioned checking account was closed, petitioner refused to advance additional funds to the venture. Since petitioner was to receive the first $30,000 returned by the venture as repayment of his advance, additional outside financing was difficult *305 to obtain. Therefore, pursuant to Levine's request, on October 25, 1965, petitioner telegraphed Levine's attorney that petitioner was relinquishing all rights in the venture in exchange for Levine's promissory note of $30,000. The note was non-interest-bearing payable in installments on December 6 of 1966, 1967, and 1968 and provided that upon failure to pay an installment the entire balance was due and payable. On December 16, 1966, petitioner's attorney wrote Levine's attorney advising him that the first installment was due and requested information concerning Levine's whereabouts. The reply indicated Levine's probable whereabouts but cautioned that "we are of the opinion that he has no current financial worth and that there is no immediate likelihood of any income that would permit payment of anything more than a bare living." The radio program, "Benny the Fan," which was being broadcast at the time, was first broadcast on October 10, 1966, over station WTOP, Washington, D.C., and continued until it was cancelled January 27, 1967. Petitioner has not collected any money on the note and on his 1966 tax return petitioner deducted the full amount of the note as "investment in venture *306 - business failed." Ultimate Finding of Fact Petitioner did not sustain a business bad debt loss or a loss from a transaction entered into for profit for 1966. Opinion Section 165(a) of the Code [1] allows as an ordinary loss deduction "any loss sustained during the taxable year and not compensated for by insurance or otherwise." Subsection (c) limits the deductible losses in the case 260 of an individual to (1) losses incurred in a trade or business and (2) losses incurred in any transaction entered into for profit, though not connected with a trade or business. Under Income Tax Regulations, respondent has provided: Section 1.165-1(b) Nature of loss allowable. To be allowable as a deduction under section 165(a), a loss must be evidenced by closed and completed transactions, fixed by identifiable events, and * * * actually sustained during the taxable year. * * * Section 1.165-1(d) Year of deduction. (1) A loss shall be allowed as a deduction under section 165(a) only for the taxable year in which the loss is sustained. For this purpose, a loss shall be treated as sustained during the taxable year in which *307 the loss occurs as evidenced by closed and completed transactions and as fixed by identifiable events occurring in such taxable year. * * * Respondent contends the loss was neither incurred in a trade or business nor in any transaction entered into for profit. Respondent contends further that the loss was not sustained during the taxable year 1966. Petitioner apparently contends the loss was incurred in either a trade or business or in a transaction entered into for profit, and that the loss was actually sustained in the taxable year 1966. Since we find petitioner has not adequately shown a loss sustained and otherwise properly deductible in 1966, we do not reach the issue of whether the amount in question arose from a trade or business or a transaction entered into for profit. Petitioner has the burden of showing that the conditions imposed under respondent's Regulations above have been met, and in our opinion, petitioner has failed to meet this burden. Petitioner borrowed the money and opened the checking account in August 1964. The funds were exhausted and the account closed in February 1965. In October 1965 petitioner relinquished all rights in the venture in exchange for Levine's *308 promissory note of $30,000. The program "Benny the Fan" was broadcast from October 1966 through January 1967 when it was cancelled. Regardless of whether petitioner's hopes of repayment were dependent upon success of the venture or the personal credit of Levine, petitioner has failed to show a loss sustained during the taxable year 1966 in accordance with the conditions imposed under the Regulations cited above. Decision will be entered for the respondent. Footnotes
1. These checks represent loan repayments which petitioner concedes are not deductible. ↩
2. This withdrawal by petitioner eliminated the balance in account number 665-792-8 and it was thereafter closed on February 1, 1965.↩
1. All section references are to the Internal Revenue Code of 1954, as amended.↩